UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Civil Action Number: 14 cv 556



**Wayne A. Philp**, Plaintiff

vs.

**Ross University School of Medicine (RUSM)**, defendants:
[Dr. Jorge C. Rios; Dr. Mary T. Coleman; Dr. Harriet H. Myers; Dr. Raymond Adebiyi; Dr. Thomas C. Shepherd]

# PARTIES

**A. Plaintiff: Wayne A. Philp**
9984 Twin Lakes Drive, Coral Springs, Florida 33071

vs

**B. Defendant: Ross University School of Medicine (RUSM):**
[Dr. Jorge C. Rios, Interim Executive Dean;
Dr. Mary Thoesen Coleman, Dean;
Dr. Harriet Hoehne Myers, Associate Dean of Student Affairs;
Dr. Raymond F. Adebiyi, Chairman of the Grievance Committee;
Dr. Thomas C. Shepherd, President

Ross University School of Medicine, Administrative Offices
630 US Highway 1, North Brunswick, NJ 08902]

# JURISDICTION

At the time of my admission, the Admissions/Administrative Offices of Ross University School of Medicine (RUSM) resided at 499 Thornall Street, 10th Floor, Edison, New Jersey 08837-2235 as per my letter of admission, dated October 28, 2005. This plaintiff's residence was 1375 Cove Lake Road, North Lauderdale, Florida 33068

Subsequently and effective June 30, 2008, the Administrative Offices of RUSM new address became 630 US Highway 1, North Brunswick, New Jersey 08902-3311.

My Federal and Private Student Loans are approximately $78,000 and $46,000, respectively, and the compensatory and punitive damages I demand in this case is $5,000,000.00

## CAUSE OF ACTION

This plaintiff claims the following:

### [1] DEPRIVATION OF MY DUE PROCESS (SUBSTANTIVE AND PROCEDURAL) RIGHTS
Ross University School of Medicine deprived me of my due process rights.

### [2] DEPRIVATION OF PROPERTY
Ross University School of Medicine deprived me of my property (education/educational assets/educational benefits)

### [3] DEPRIVATION OF LIBERTY
Ross University School of Medicine infringed upon my liberty (freedom).

### [4] NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
Ross University School of Medicine inflicted emotional and psychological cruelty and distress upon me, and caused the same to be inflicted upon me by others.

### [5] CRUEL, ABUSIVE, UNUSUAL TREATMENT
Ross University School of Medicine mistreated, abused, and victimized my person.

### [6] BREACH OF CONTRACT [MATERIAL BREACH]
Ross University School of Medicine did not provide me with the anticipated and desired safe, healthy, professional environment conducive to my proper development and learning as a medical student. Thus, Ross University School of Medicine breached their stated and implied agreement and duty to afford me the expected atmosphere and environment of ethical conduct, of integrity, of high standards, of respect, and of professionalism conducive to my learning and proper development as a medical student.

Writing on my behalf, attorney Gonzalo Macchi (Glantzlaw, Plantation, Florida) requested in his July 8, 2011, letter to RUSM's President Dr. Thomas Shepherd and Dean Mary Coleman some specific information per school policy/student handbook violations and/or their reasons that warranted me being expelled form the School of Medicine.

In his August 22, 2011, letter of reply RUSM's attorney Mr. William Gyves (Epstein, Becker, & Green, P.C., New York, NY) provided no such specific information, but stated "this matter remains under review."

**To this day, RUSM has given no specific reason for my expulsion on March 1, 2007. That expulsion was callous, cruel, egregious, unjust, and unlawful.**

In his April 4, 2007, reply to my March 23, 2007, appeal of that expulsion, Dr. Thomas Shepherd affirmed, with respect to the grievance committee meetings I had, that "The

written notices provided to you were not perfect" and that there were "Procedural imperfections."

Yet, the Ross University School of Medicine (RUSM) legal representative will come before this Court and effort to defend a clearly egregious, unjust, and unlawful expulsion and to defend a baseless, faulty, bizarre idea/opinion held about me by the RUSM administration/deans.

The Ross University School of Medicine (RUSM) legal representative will come before this Court and effort to defend and justify the behaviors of the RUSM administration/deans; behaviors that manifested from their holding a baseless, faulty, bizarre idea/opinion about me and fed by falsehoods, fictitious stories, dramatizations, hearsays, and unproven allegations.

The Ross University School of Medicine (RUSM) legal representative will come before this honorable Court and effort to defend a RUSM administration and deans that acted unethically, unprofessionally, and unfairly; that abused and victimized me; and that treated me with disrespect, insult, humiliation, coercion, insensitivity, callousness, and cruelty.

The Ross University School of Medicine (RUSM) legal representative will come before this honorable Court and effort to defend the RUSM administration/deans that wrongfully expelled me, that acted in violation of their own Student Handbook stipulations, and that blatantly and egregiously violated my rights as a human being and as an American citizen.

I arrived on the Caribbean island of Dominica on December 26th, 2005, and commenced classes at the off-shore campus of RUSM on Monday, January 9th, 2006.

On April 19, 2006, I sat for a meeting with Interim Executive Dean Dr. Jorge Rios. His first words to me were, "you have come up on my radar...I have a lot of paper on you...there are some complaints against you." Though I asked, no complaints were shown and no accusers were identified to me. Dean Rios further expressed the thought that I was "abnormal" and that "something was wrong with you." Then, with the threat of not allowing me to return and finish my medical studies, Dean Rios compelled me to get a "psychological evaluation" because he "wanted to make sure nothing is wrong with you...and you are ok."

On Thursday, May 11, 2006, upon returning to RUSM, having being delayed by visits to my mother facing imminent death in the New Jersey hospital's ICU (my 5.3.06 email communicated that to dean Rios), I was blocked [on 5.12.06] from registering for classes and told to go see dean Rios "for clearance." I visited Dean Rios at his office; he told me to return at noon; at noon, he told me to leave the matter until Monday (15th) and that I would have to meet with the Grievance Committee.

On Monday, May 15, 2006, I sat before the Grievance Committee. Thereafter, I advised Dean Rios of that sitting and he told me to "go and register."

On Wednesday, July 26.2006, I received from the campus post office Dean Rios' letter dated June 21, 2006, which informed me that (1) I was placed on disciplinary probation for the rest of my studies at RUSM owing to "allegations of unprofessional behavior and harassment" made against me and (2) should I "ever become engaged in any further altercation(s) or be found guilty of any behavior considered unbecoming of a medical student, you will be summarily dismissed."

Who were my accusers and what was the "harassment" and/or "unprofessional behavior" was never told to me and was never proven to have occurred.

On Thursday, March 1, 2007, the new Dean, Dr. Mary Coleman, in the presence of Associate Dean of Student Affairs, Dr. Harriet Myers, told me I was being expelled. I asked "why?" and Dean Coleman responded, "because there are a lot of complaints against you." I asked what were the complaints and Dean Coleman responded, "I am not going to go over this with you." I asked who made the complaints against me and Dean Coleman responded, "we can't tell you." I asked if I could see the complaints and Dean Coleman responded, "No! ...we are not going to go through this again with you." I asserted that I did not do anything to deserve the most severe punishment of expulsion and that I did not violate any school rules/policies stated in the Student Handbook or under the Student Honor Code. Thereupon, Dr. Myers interjects, "you are abnormal...your behavior is deviant...you are psychotic..."

From January 2006 up to the time of my expulsion (March 2007), the RUSM administration, as repeatedly expressed by the deans, held the faulty, the bias, the prejudicial, the irrational, the bizarre, and the simply crazy idea and opinion that I was an abnormal psychotic person with deviant behavior problems.

Holding that opinion, an opinion fed by falsehoods, fictitious stories, dramatizations, hearsays, and unproven allegations, the RUSM administration/deans fixedly and resolutely predisposed themselves to show me up, to prove they were right, and to obtain damning information (real "evidence") that I was the abnormal, psychotic, deviant person they made up and entertained in their collective minds.

The "disciplinary probation" on which I was placed by Dean Rios was baseless, unfair, and served to engender acute worry. The imposition of that probation was autocratic, dictatorial, unjust, and premature; it was a form of double punishment for I had satisfied the forced requirement to "get psychological evaluation"; it infringed upon my liberty; it showed a serious lack of impartiality by Dean Rios; it was unethical; and it placed me in a most precarious position, as all it took was "any further altercation(s)" and I would be "summarily dismissed."

That engendered worry and the precarious position in which I was placed me, caused me to act self-preserving and to try to ameliorate my situation. I would spend more time studying in my dorm and the library, and would change my seat to move away from potential and/or intentional "altercations." Yet, incidences of harassments (male student moving my items off and taking my seat; sit in front of me scratching his body), annoyances (female fixing hair in front of me during classes; female chewing and popping

gum next to me as I sat and study in the library), disturbances (coughing behind me; loud, noisy talking behind me during lectures), and willful and intentional provocations (banging stacks of paper on my desk as I study) continued.

Subsequent to an earlier talk, my 9.11.2006, letter to Dr. Sharma (lecturer and student advisor) requested off-campus media site access, whereby I could stay in my dorm and follow the lectures live. He directed me to Associate Dean Myers.

Considering the overhanging threat of summary dismissal with "any further altercation(s)", my 9.15.2006, letter to Associate Dean Myers specifically requested off-campus media site access and stipulated the reasons.

Associate Dean Myers denied my request for that access.

The RUSM administration/the deans needed "evidence" against me. They needed to be able to justify their actions against me; they needed to be able to support and affirm their preconceived bizarre idea/opinion of me.

Therefore, with that denial of my request, Associate Dean Myers left me to continue to endure more disrespectfulness, harassment, and intentional provocation, all geared to goad and elicit the desired negative and damning response from me.

The RUSM STUDENT HANDBOOK (effective January 1, 2007) stated the following:

a) The Grievance Committee consists of faculty and student representatives.

b) Ross University School of Medicine expects its students to adhere to the highest standards of ethical and professional behavior in every aspect of their live, as expected of medical professionals. Students shall conduct all aspects of their lives with honesty, integrity, and respect for others.

c) The Honor System at Ross University School of Medicine is a deeply cherished obligation founded upon the personal integrity of each individual member of the University community. It requires that all members of this community conduct themselves honorably at all times and in all dealings with others. This shared commitment to high ethical standards creates an atmosphere of trust and respect vital to the unique sense of community, which characterizes the institution.

Throughout my stay and attendance at RUSM:

**(i) I was repeatedly brought before the Grievance Committee.**

**Never once was a student representative present.**

**Never was I given adequately notice prior to going before that Committee.**

**Never was I given any specific allegation and/or charge against me.**

**Never was I told who my accusers were.**

**Never did I have the opportunity to adequately prepare a proper defense for myself.**

(ii) I was abused and victimized by student members.

(iii) I was unethically and unprofessionally treated by the RUSM administration/faculty/deans.

(iv) I was abused and victimized by the RUSM administration/faculty/deans, holding a preconceived, faulty, bizarre idea/opinion about me.

(v) I was subjected to repeat disrespect, offensive languages, hostilities, harassments, physical confrontation, undesirable annoyances and disturbances, willful and intentional provocations, and duress form students.

(vi) I was subjected to disrespect, insult, humiliation, frustration, biasness, coercion, and duress from the RUSM administration/faculty/deans.

(vi) I was subjected to worrisome, callous, insensitive, disregarding, unprofessional, highly unethical, and most dishonest behaviors from the RUSM administration/faculty/deans.
(vii) I became the victim of a wrongful expulsion and unjust punishment.

The manner and character of the expulsion by RUSM and the associated statements form the RUSM administration:

(1) took from me my earned place in the school;

(2) blocked me from applying and gaining successful admission to other medical schools;

(3) took from me the actual and potential educational asset developed and paid for over many years;

(4) took from me the associated benefits of that educational asset; and

(5) took from me the ability and potential to earn the income and quality of life befitting the holder of a Medical Doctor's degree.

## DEMAND

This plaintiff respectfully requests:

1. That this Court find the March 1, 2007, expulsion from Ross University School of Medicine (RUSM) to be unmerited, unjust, dishonorable, and wrongful.

2. That this Court find the said expulsion to be a harsh and an excessive punishment with far-reaching and damaging consequences.

3. That the said expulsion be overturned by this Court.

4. That RUSM reinstates this plaintiff as a medical student and/or facilitates this plaintiff's transfer to another medical school.

5. That this Court find that RUSM failed in its obligation and duty to be honorable and fair; failed in its obligation and duty to adhere to its "cherished" high standards; and failed in its obligation and duty to provide an unbiased, ethical, professional, respectful, and healthy environment conducive to this plaintiff's proper learning and development as a medical student.

6. That:
(i) for the abuse, mistreatment, harassment, duress, and psychological and emotional harm this plaintiff endured and suffered at RUSM;

(ii) for the student loans, the tuitions, fees, airfares, other related costs, and other monies collected by RUSM from this plaintiff;

(iii) for depriving this plaintiff of due process, of property, and of liberty (freedom);

(iv) for the breach of their contractual obligation and duty to afford this plaintiff a proper unbiased, ethical, professional, respectful, and healthy environment, and the appropriate length of time to complete his medical studies and to develop as a medical student;

(v) for the lost salaries and other financial rewards/benefits, real and/or potential, were to have attained by this plaintiff as the holder of a Medical Doctor's degree; and

(vi) for the punitive damages,

RUSM be ordered to pay this plaintiff a grand total of $5,000,000.00

7. That all related legal expenses and costs be paid by Ross University School of Medicine.

*Wayne A. Philp* (signature)

Page 7 of 7

WAYNE A. PHILP
9984 TWIN LAKES DRIVE
CORAL SPRINGS, FL 33071



FIRST CLASS

U.S. POSTAGE
PAID
CORAL SPRINGS, FL
33071
JAN 22, 14
AMOUNT
$2.72
00035941-06

TRENTON CLERK'S OFFICE
CLARKSON S. FISHER U.S. COURTHOUSE
402 EAST STATE STREET
ROOM 2020
TRENTON, NEW JERSEY 08608