UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

―――――――――――――――――――――X
WAYNE A. PHILP,                                  : Civil Action No.: 14-cv-556-JAP-DEA
                                                 :
                    Plaintiff,                   :
                                                 :
v.                                               : **Document Electronically Filed**
                                                 :
ROSS UNIVERSITY SCHOOL OF                        :
MEDICINE (RUSM), DR. JORGE C. RIOS,              :
DR. MARY T. COLEMAN, DR. HARRIET                 :
H. MEYERS, DR. RAYMOND ADEBIYI,                  :
DR. THOMAS C. SHEPHERD                           :
                                                 :
                    Defendants.                  :
                                                 :
                                                 :
―――――――――――――――――――――X

_____

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**
_____


                                        EPSTEIN BECKER & GREEN, P.C.
                                        One Gateway Center, 13th Floor
                                        Newark, New Jersey 07102
                                        (973) 642-1900
                                        Attorneys for Defendants

FIRM:25124738v1

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................................1

STATEMENT OF FACTS ................................................................................................................2

    A.    The Parties ..........................................................................................................2

    B.    Philp's Troubled Tenure at Ross.........................................................................3

    C.    Philp's Expulsion and Appeal to Ross's President ............................................4

    D.    Dismissal Of The Proceedings In The Southern District Of Florida .................6

    E.    Nature Of The Instant Action .............................................................................6

ARGUMENT ....................................................................................................................................7

POINT I.    CONTROLLING LEGAL PRINCIPLES.....................................................................7

POINT II.    FATAL LEGAL DEFECTS COMPEL
THE DISMISSAL OF COMPLAINT ........................................................................7

    A.    The Section 1983 Claims (First, Second, Third and
        Fifth Causes of Action).......................................................................................8

        1.    The Claims are Time-Barred ...................................................................8

        2.    Defendants Were Not Governmental Actors ..........................................8

    B.    The Negligent Infliction of Emotional Distress Claim
        (Fourth Cause of Action) ....................................................................................9

        1.    The Claim is Time-Barred ......................................................................9

        2.    Philp Does Not Allege A Colorable Claim...........................................10

    C.    The Breach of Contract Claim (Sixth Cause of Action) ..................................10

        1.    The Claim is Time-Barred ....................................................................11

        2.    New Jersey Law Does Not Recognize a Breach
            of Contract Claim Under These Circumstances....................................11

        3.    The Claim Runs Afoul of Iqbal and Twombly .......................................12

CONCLUSION................................................................................................................................14

## TABLE OF AUTHORITIES

Page(s)

**CASES**

Abouzaid v. Mansard Garden Associates, LLC,
   207 N.J. 67 (2010) ...........................................................................................................10

Ashcroft v. Iqbal,
   556 U.S. 662 (2009)................................................................................................... passim

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007).................................................................................................... passim

Berg v. County of Allegheny,
   219 F.3d 261 (3d Cir. 2000).................................................................................................8

Brentwood Academy v. Tennesee Secondary School Athletics Association,
   531 U.S. 288 (2001).............................................................................................................9

Buck v. Hampton Township School District,
   452 F.3d 256 (3d. Cir. 2006)................................................................................................2

Campanello v. Port Authority,
   590 F. Supp. 2d 694 (D.N.J. 2008) .....................................................................................9

Chappel v. Rich,
   340 F.3d 1279 (11th Cir. 2003) ........................................................................................13

Cruz v. Seton Hall Universey,
   2012 U.S. Dist. LEXIS 96005 ..........................................................................................12

Frederico v. Home Depot,
   507 F.3d 188 (3d Cir. 2007)..............................................................................................13

Gupta v. Asna Enterprises, L.L.C.,
   422 N.J. Super. 136 (App. Div. 2011) ..............................................................................10

Mahmoud v. Rite Aid Corp.,
   2012 U.S. Dist. LEXIS 115726 (D.N.J. Aug. 16, 2012)...................................................13

Mittra v. University of Medicine & Dentistry of New Jersey,
   316 N.J. Super. 83 (App. Div 1998) .................................................................................11

Murakush Caliphate of Amexem Inc. v. New Jersey,
   790 F. Supp. 2d 241 (D.N.J. 2011) ....................................................................................6

Murphy v. Implicito,
   392 N.J. Super. 245 (App. Div. 2007) ..............................................................................13

Napolitano v. Princeton University Trustees,
   186 N.J. Super. 548 (App. Div. 1982) ..................................................................................12

O'Connor v. City of Newark,
   440 F.3d 125 (3d Cir. 2006)....................................................................................................8

Odom v. Columbia University,
   906 F. Supp. 188 (S.D.N.Y. 1995) .........................................................................................9

Peck v. Donovan,
   2012 U.S. App. LEXIS 25281, (3d Cir. Dec. 11, 2012) .......................................................11

Romeo v. Seton Hall University,
   378 N.J. Super. 384 (App. Div. 2005) ..................................................................................12

Stefanowicz v. Bucknell University,
   2010 U.S. Dist. LEXIS 106333, (M.D. Pa. Oct. 5, 2010).......................................................9

**STATUTES**

42 U.S.C. §1983 ...............................................................................................................................6

Fla. Stat. § 95.11 ............................................................................................................................13

N.J.S.A. 2A:14-1............................................................................................................................11

N.J.S.A. 2A:14-2..............................................................................................................................8

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 8(a)(2) .........................................................................................7

Federal Rule of Civil Procedure 12(b)(6) ...................................................................................1, 7

FIRM:25124738v1

## PRELIMINARY STATEMENT

Defendants Ross University School of Medicine ("Ross") and its current and former employees, Dr. Jorge C. Rios, Dr. Mary T. Coleman, Dr. Harriet H. Meyers, Dr. Raymond Adebiyi, and Dr. Thomas C. Shepherd (collectively, the "Defendants") respectfully submit this memorandum of law in support of their motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint of plaintiff Wayne A. Philp.

This action arises out of Philp's brief and troubled tenure as a Ross medical student <u>more than six years ago</u>. As such, his claims are time barred. From the moment he set foot on Ross's campus in January 2006, Philp was the subject of numerous complaints of harassment and disruption. As a result of these complaints, Ross placed Philp on probation for conduct unbecoming a medical student. That penalty did not deter Philp. Instead, he continued to harass Ross students and administrators alike. Not surprisingly, Philp was hailed before Ross's Grievance Committee numerous times.

The Grievance Committee expelled Philp in March 2007. Philp appealed this decision to the President of Ross and was afforded a full hearing while represented by counsel. His appeal was denied in April 2007. As his Complaint makes clear, Philp now seeks to blame others for the bizarre and inappropriate conduct that caused a large part of the student body to petition Ross to remove him from the medical school. What the Complaint does not do, however, is state any legally cognizable claims against the Defendants.

As demonstrated in Point II. A. below, Philp's Section 1983 claims (Counts 1, 2, 3 and 5) are all time-barred. The statute of limitations has long since expired. Moreover, these claims are fatally flawed because Philp cannot allege that the Defendants are governmental actors or otherwise acted under color of state law.

1

Philp's negligent infliction of emotional distress claim (Count 4) also fails. As discussed in Point II. B., it, too, is time-barred. Additionally, Philp has failed to plead critical elements of this cause of action.

Finally, as discussed in Point II. C., Philp has not articulated a legally viable contract claim against Ross. Like all of his other causes of action, Philp's breach of contract claim (Count 6) is time-barred. Moreover, New Jersey law does not recognize a purely contractual relationship between a student and university in matters such as these. Even if such a claim was recognized under New Jersey law, Philp still has not asserted plausible allegations allowing it to pass muster under Iqbal and Twombly.

For the reasons set forth above and discussed more fully below, Defendants respectfully request that the Court dismiss the Complaint in its entirety and with prejudice.

## STATEMENT OF FACTS[1]

### A. The Parties

Philp, a former Ross student, resides in Coral Springs, Florida. See Complaint at 1. Ross is a private, fully accredited medical school. During the relevant time period, it maintained administrative offices in New Jersey and campuses on the Caribbean island of Dominica. Id. at 1, 3. At all times relevant to this matter, the individual defendants were officers, deans or professors at Ross. Id. Dr. Adebiyi is the only individual defendant currently employed by Ross.

---

[1] The Statement of Facts is drawn from the allegations of the Complaint and a letter referenced therein, which Defendants assume are true for the purposes of this motion only. The letter, addressed to Philp from the President of Ross, is attached as Exhibit A to the Declaration of Robert M. Travisano, Esq. ("Travisano Declaration"). On this motion, the Court may consider documents incorporated by reference into the Complaint or documents that plaintiff clearly relies upon and are integral to the pleading. See Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d. Cir. 2006).

B.     **Philp's Troubled Tenure at Ross**

Philp commenced his studies at Ross in January 2006.  Id. at 3.  Shortly thereafter, Philp was called to a meeting with defendant Dr. Jorge Rios, who was the Executive Dean.  Id.  Rios advised Philp that he was the subject of numerous student complaints.  Id.  These complaints led Rios to question whether there was "something wrong" with Philp.  Id.  In order to determine whether Philp was capable of continuing in the medical program, Rios sent Philp for a psychological evaluation.  Id.

On May 11, 2006, Philp again met with Rios.  Id.  Rios advised Philp that he would have to appear before the school's Grievance Committee.  Id.  The Grievance Committee enforces the school's Honor System, which calls for students to "conduct themselves honorably" in their dealings with fellow members of the medical educational community and to commit to "high ethical standards."  Id. at 5.

Philp appeared before the Grievance Committee on May 15, 2006.  Id. at 3.  By letter dated June 21, 2006, Rios advised Philp that he was being placed on disciplinary probation for the remainder of his studies at Ross due to "allegations of unprofessional behavior and harassment" made against him.  Id. at 4.  Rios further advised Philp that he would be summarily dismissed if he had any further altercations or was found guilty of behavior considered unbecoming of a medical student.  Id.

While on probation, Philp continued to have run-ins with his fellow students.  Id. at 4-5.  Philp characterizes these incidents as harassment.  Id. at 4.  Although he paints himself as the victim in those incidents, they appear to be the reactions of someone who is hypersensitive to routine social interactions.  Philp states:

> Yet, incidences of harassment (made student moving my
> items off and taking my seat; sit in front of me scratching
> his body), annoyances (female fixing her hair in front of me

3

> during classes; female chewing and popping gum next to me as I sat and study in library), disturbances (coughing behind me; loud noisy talking behind me during lectures), and willful and intentional provocations (banging stacks of paper on my desk as I study) continued.

Id. at 4-5.  So hypersensitive was Philp that he requested remote video access to lectures so he could view them in his dorm room, rather than attend them live with the other students.  Id. at 5.  Ross denied the request.  Id.

### C. Philp's Expulsion and Appeal to Ross's President

On March 1, 2007, Philp met with defendants Dr. Mary Coleman and Dr. Harriet Myers.  Id. at 4.  At the time, Coleman was Ross's Dean and Meyers served as Associate Dean.  Coleman and Myers advised Philp -- who was still on probation -- that he was being expelled from Ross due to the number of complaints that had been lodged against him.  Id.

Having retained counsel, Philp appealed his dismissal to defendant Dr. Thomas Shepherd, who was the President of Ross based in its New Jersey offices.  Id. at 2.  On March 23, 2007, Shepherd conducted a telephonic hearing to determine whether the circumstances supported the Grievance Committee's decision to expel Philp.  See Travisano Declaration, Ex. A.  During the hearing, Shepherd considered the arguments presented by both Philp and his counsel.  Id. at 1.  Additionally, Shepherd reviewed a variety of other materials, including statements and records from various Ross personnel, as well as the records of earlier Grievance Committee proceedings relating to Philp.  Id.

Philp and his counsel pursued a two-pronged strategy.  First, they argued that the Grievance Committee's conclusion was flawed because the committee did not include a student member.  Id.  Second, they maintained that Philp was not provided with proper written notice.  Id.  By letter dated April 4, 2007, Shepherd denied Philp's appeal.  Id. at 2.  With respect to Philp's first line of argument, Shepherd noted that the absence of a student on the committee was

FIRM:25124738v1

of no consequence because Philp's behavior in question was generally directed at other students, making it less likely that a student committee member would have been impartial toward him. Id. at 1. Shepherd emphasized that a large number of students had either raised complaints against Philp or joined in a request for Ross to remove Philp from the school. Id.

Shepherd also rejected Philp's second argument on appeal. Although conceding that notice may not have been "perfect," Shepherd concluded that Philp's behavior was of the same general nature as that addressed at previous Grievance Committee hearings. Id. Moreover, Shepherd reasoned, Philp had discussions with various staff members that adequately informed him of the nature and extent of the school's concerns. Even though the subject of the initial Grievance Committee hearing may have been surprising to Philp, Shepherd concluded, Philp had received sufficient notice of subsequent hearings which dealt with similar incidents and behavioral patterns. Id. at 2. Indeed, the concerns with Philp's behavior arose in his first term at Ross and the complaints persisted, allowing him more than an adequate opportunity to understand the school's concerns with his conduct. Id. at 1-2.

Shepherd concluded that the record supported Philp's expulsion. Id. at 2. In upholding that result and denying Philp's appeal more than seven years ago, Shepherd observed that "[a] number of students feel threatened and harassed by your behavior. Also, this sort of behavior manifested itself from your very first term at Ross and appears to have been consistent throughout your stay." Id.

D.   **Dismissal of the Proceedings in the Southern District of Florida**[2]

On April 2, 2013, more than six years after he was expelled from Ross, Philp filed a "Complaint Under the Civil Rights Act, 42 U.S.C. §1983" against the Defendants in the United States District Court for the Southern District of Florida. The Florida complaint is almost a mirror image of the Complaint filed in the instant action. It contains virtually identical allegations and asserts the same six causes of action that are set forth in the Complaint at issue here. See Travisano Declaration, Ex. B.

In response to Philp's application in the Florida action to proceed in forma pauperis, on May 14, 2013, the Honorable Donald M. Middlebrooks sua sponte dismissed the complaint without prejudice. In doing so, Judge Middlebrooks held that "the Complaint completely fails to allege that Ross[] and its employees were acting under color of state law. Nor does the Complaint allege that Ross University is a governmental entity for purposes of §1983." Id., Ex. C.

E.   **Nature of the Instant Action**

This action, commenced more than six years after he was expelled from Ross, marks Philp's second bite at the litigation apple. Nine months after having been turned away by the Florida court, Philp attempted to commence this action. The Clerk of the Court received Philp's Complaint and application to proceed in forma pauperis on January 27, 2014. The Court denied that application and ordered the Clerk to administratively terminate the case, subject to its reopening within 30 days if Philp paid the applicable filing fee. Philp ultimately paid the fee. The Complaint was deemed filed on February 7, 2014.

---

[2] On this motion, the Court may take judicial notice of complaints and orders filed by a party in other judicial proceedings. See Murakush Caliphate of Amexem Inc. v. New Jersey, 790 F. Supp. 2d 241, 251-52 (D.N.J. 2011).

The crux of Philp's Complaint is that he was wrongfully dismissed from Ross. Further, Philp claims that while he was a student there, he was "victimized by the [Ross] administrator/faculty/deans, holding a preconceived, faulty, bizarre idea/opinion about [him]." See Complaint, at 6. He also contends that he was subjected to disrespect, humiliation, provocation and duress from students, administrators, faculty and deans. Id.

## ARGUMENT

### POINT I.

### CONTROLLING LEGAL PRINCIPLES

Rule 8 requires that the Complaint contain a "short and plain statement of the claim showing that [Philp] is entitled to relief." See Fed. R. Civ. P. 8(a)(2). Although it does not require "detailed factual allegations," Rule 8 demands "more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A pleading that merely offers "labels and conclusions," "a formulaic recitation of the elements of a cause action" or "naked assertion[s]" does not pass muster; instead, to survive this Rule 12(b)(6) motion, the Complaint must contain sufficient factual allegations that "'state a claim to relief that is plausible on its face.'" Twombly, 550 U.S. at 555, 557, 570. Philp's claims fall far short of the mark.

### POINT II.

### FATAL LEGAL DEFECTS COMPEL
### THE DISMISSAL OF COMPLAINT

Each of Philp's causes of action suffers from fatal defects. In addition to being time-barred, each claim has demonstrable pleading deficiencies.

7

### A. The Section 1983 Claims (First, Second, Third and Fifth Causes of Action)

Philp's Section 1983 claims fail on dual grounds. First, they are time-barred by the applicable statute of limitations. Second, Philp does not allege -- because he cannot allege -- that state action deprived him of a constitutionally protected interest.

#### 1. The Claims Are Time-Barred

The Section 1983 claims are subject to New Jersey's statute of limitations applicable to personal injury causes of action. See O'Connor v. City of Newark, 440 F.3d 125, 126-27 (3d Cir. 2006). That statute, N.J.S.A. 2A:14-2, provides that an action for injury to the person caused by wrongful act, neglect, or default, must be brought within two years of the accrual of the cause of action. Id. Accordingly, Philp's Section 1983 claims are subject to a two year statute of limitations. See O'Connor, 440 F.3d at 127.

Shepherd denied Philp's appeal of his expulsion on April 4, 2007. In a nutshell, the basis of the Complaint is that Philp was treated unfairly while at Ross and ultimately wrongfully dismissed. Based upon Philp's own allegations, his Section 1983 claims could not have accrued any later than April 4, 2007 when his dismissal was affirmed. Philp brought this action on February 3, 2014 -- well beyond the two year statute of limitations. As a result, Philp's Section 1983 claims are time-barred and should be dismissed.

#### 2. Defendants Were Not Governmental Actors

The Section 1983 claims also fail because Philp does not allege that Ross, a private medical school, or its agents were governmental actors or otherwise acting under color of state law to deprive Philp of some constitutionally protected right. To make out a prima facie case under Section 1983, a plaintiff must demonstrate that a person acting under color of law deprived him of a federal right. See Berg v. County of Allegheny, 219 F.3d 261, 268 (3d Cir.

8

2000).  Philp cannot satisfy the state action prong of this claim.  The Due Process Clause applies only to state actors or, alternatively, private actors who perform functions traditionally delegated to the state.  See Brentwood Acad. v. Tenn. Secondary Sch. Athletics Ass'n, 531 U.S. 288, 296 (2001).  Philp does not allege that Ross or any of the individual defendants is either a governmental actor or a private actor performing traditional state functions.  Indeed, as a private institution, Ross and its agents are beyond the reach of the Fourteenth Amendment.  See, e.g., Odom v. Columbia Univ., 906 F. Supp. 188, 195 (S.D.N.Y. 1995); Stefanowicz v. Bucknell Univ., 2010 U.S. Dist. LEXIS 106333, at **8-9 (M.D. Pa. Oct. 5, 2010).  The Section 1983 claims fail as a matter of law, as Judge Middlebrooks rightly concluded in dismissing Philp's Florida complaint sua sponte.

### B. The Negligent Infliction of Emotional Distress Claim (Fourth Cause of Action)

Philp's cause of action for negligent infliction of emotional distress also fails.  It is clearly time-barred by the relevant statute of limitations.  Furthermore, Philp's allegations fall far short of what is necessary to meet the plausibility threshold of Iqbal and Twombly.

#### 1. The Claim Is Time-Barred

Claims sounding in negligent infliction of emotional distress are subject to a two year statute of limitations.  See Campanello v. Port Auth., 590 F. Supp. 2d 694, 699-700 (D.N.J. 2008).  As discussed above, the latest Philp's claim arguably could have accrued was April 4, 2007.  Philp instituted this action on February 7, 2014 -- well beyond the two year statute of limitations.  Accordingly, Philp's negligent infliction claim is time-barred and should be dismissed.

9

### 2. Philp Does Not Allege a Colorable Claim

Philp's negligent infliction claim also fails because it does not fit into either of the two discrete categories of this legal theory recognized under New Jersey law. The New Jersey Supreme Court has limited the tort of negligent infliction to two narrow fact patterns. See Gupta v. Asna Enters., L.L.C., 422 N.J. Super. 136, 151-52 (App. Div. 2011). The first is one where a defendant's negligent conduct caused death or serious bodily injury to one with whom the bystander shared a marital or intimate family relationship, the bystander observed the death or injury and suffered severe emotional distress as a result. Id. at 152. The second, known as the "zone of danger" rule, recognizes that immediate fear of personal injury can serve as the basis for emotional distress from negligent conduct as long as substantial bodily injury or sickness resulted. See Abouzaid v. Mansard Garden Assocs., LLC, 207 N.J. 67, 77 (2010).

Philp's cause of action fits into neither of these narrow categories. His conclusory allegations that Ross "inflicted emotional and psychological cruelty and distress upon me, and caused the same to be inflicted upon me by others," simply are not enough to sustain his claim under Iqbal and Twombly, because they are unsupported by facts that demonstrate that the claims are plausible.

### C. The Breach of Contract Claim (Sixth Cause of Action)

Philp's contract claim is legally deficient on numerous grounds. First, it is barred by the applicable six-year statute of limitations. Second, New Jersey law does not recognize a breach of contract action lodged by a student against a university under the circumstances presented here. Third, even if New Jersey law recognized such a contract, Philp has not alleged facts that demonstrate such a cause of action is plausible under Iqbal and Twombly.

1. **The Claim Is Time-Barred**

A breach of contract claim must be brought within six years of its accrual. See N.J.S.A. 2A:14-1. A breach of contract claim generally accrues when the defendant breached the contract. See Peck v. Donovan, 2012 U.S. App. LEXIS 25281, at **8-9 (3d Cir. Dec. 11, 2012).

In support of his breach of contract claim, Philp alleges:

> [Ross] did not provide me with the anticipated and desired safe, healthy, professional environment conducive to my proper development and learning as a medical student. Thus [Ross] breached their stated and implied agreement and duty to afford me the expected atmosphere and environment of ethical conduct, of integrity, of high standards, of respect, and of professionalism conclusive to my learning and proper development as a medical student.

See Complaint at 2. These allegations focus on the alleged deficiencies in Philp's education while he attended Ross from January 2006 through March 2007. Philp instituted this action in February 2014. Even assuming without conceding that Philp's "contractual" relationship with Ross was breached as a result of the denial of his appeal in April 2007, Philp's claim falls well outside the six year limitations period.

2. **New Jersey Law Does Not Recognize a Breach of Contract Claim Under These Circumstances**

Philp's claim also fails because New Jersey law does not recognize a purely contractual relationship between a student and an educational institution in the disciplinary context. New Jersey courts long have held that the "relationship between [a] university and a student should not be analyzed in purely contractual terms." See Mittra v. Univ. of Med. & Dentistry of N.J., 316 N.J. Super. 83, 85 (App. Div 1998). In those instances where courts have dealt with the relationship of a private university to its students, they have cautioned against the

11

"rigid application of the law of contracts to student's disciplinary proceedings."  See Napolitano v. Princeton Univ. Trs., 186 N.J. Super. 548, 566 (App. Div. 1982).  While the tuition paid by a student in order to be educated may in some circumstances be considered contractual consideration, courts recognize the necessity for independence of a university in dealing with a student's academic failures, transgressions or problems.  Id. at 565, 567.

Moreover, a contractual relationship between a student and a university cannot be cobbled together from isolated provisions of a student manual or other generic documents.  See Romeo v. Seton Hall Univ., 378 N.J. Super. 384, 395 (App. Div. 2005) (school's anti-discrimination policy did not create a unilateral contract); Cruz v. Seton Hall Univ., 2012 U.S. Dist. LEXIS 96005, at **18-19 (D.N.J. July 10, 2012) (dismissing contract claim brought by student against university because on-campus housing agreement could not be considered a contract and the university's alleged failure to follow some of its provisions did not amount to a breach of contract).

Here, Philp has alleged nothing that would allow the Court to second-guess the professional medical educators who determined that his pattern of conduct made him unfit to remain a medical student or, ultimately practice medicine.  Struggling to articulate a claim by referencing certain sections of Ross's Student Handbook, Philp overlooks the fact that the patchwork of isolated provisions he cites cannot form the basis of a breach of contract claim.  As the Complaint and the letter referenced therein make plain, Philp received a fair hearing and Ross's ultimate determination to expel him was firmly rooted in fact.  Accordingly, his contract claim fails as a matter of law.

    **3.**    **The Claim Runs Afoul of Iqbal and Twombly**

Even if New Jersey recognized a pure breach of contract claim in the context of a student-university disciplinary dispute, Philp's claim would still fail as a matter of law.  In order

12

to sustain his pleading burden for a breach of contract claim, Philp is required to allege "that the parties entered into a valid contract, that the defendant failed to perform his obligations under the contract and that the plaintiff sustained damages as a result." Murphy v. Implicito, 392 N.J. Super. 245, 265 (App. Div. 2007). He also is required to plead that he performed his own contractual obligations. See Frederico v. Home Depot, 507 F.3d 188, 204 (3d Cir. 2007). Moreover, the breach of contract claim "must identify the specific portions of the contract that…were breached." Mahmoud v. Rite Aid Corp., 2012 U.S. Dist. LEXIS 115726, at *22 (D.N.J. Aug. 16, 2012). Philp has not plead that a valid contract existed or that the alleged breach was the proximate cause of his damages. His amorphous and conclusory contentions that he was the recipient of some vague wrongdoing do not reach the requisite level of plausibility. Most glaringly, nowhere in the Complaint does Philp allege that he fulfilled his own obligations under the alleged contract. These deficiencies compel the dismissal of his breach of contract claim.[3]

---

[3] Defendants argue above that New Jersey law applies because Ross's administrative headquarters is located in New Jersey and the denial of Philp's appeal by Shepherd emanated from within this State, where Shepherd was based. However, if the Court were to determine that Florida law applied based upon where Philp was believed to have resided at the time his appeal was denied, the Complaint still would be time-barred. See Chappel v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003) (under Florida law, four year statute of limitations applies to Section 1983 claims); Fla. Stat. § 95.11(3)(a) (under Florida law, four year statute of limitations for negligence actions); Id. at § 95.11(2)(a) (under Florida law, five year statute of limitations for breach of contract claims).

## **CONCLUSION**

      For the reasons set forth above, the Defendants respectfully request that the Court dismiss the Complaint in its entirety and with prejudice.

Dated: May 16, 2014            Respectfully submitted,

                                EPSTEIN, BECKER & GREEN, P.C.
                                Attorneys for Defendants

                          By:    /s/ William S. Gyves
                                WILLIAM S. GYVES
                                ROBERT M. TRAVISANO

                                One Gateway Center, 13th Floor
                                Newark, New Jersey 07102
                                (973) 642-1900
                                Email:  wgyves@ebglaw.com
                                                rtravisano@ebglaw.com