

Attorneys at Law

Robert M. Travisano
t 973.639.8289
f 973.642.0099
rtravisano@ebglaw.com

June 18, 2014

**Via ECF and FedEx**

Honorable Joel A. Pisano, U.S.D.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

    Re:  **Philp v. Ross University School of Medicine, et al.
           Civil Action No. 3:14-cv-556-JAP-DEA**

Dear Judge Pisano:

    We represent the Defendants in the above-referenced matter and respectfully submit this letter brief in further support of the Motion to Dismiss the Complaint of plaintiff Wayne A. Philp.

    Philp's letter of June 10, 2014 does nothing to alter the conclusion that the Complaint is fatally flawed. Long on rhetoric about the role of society and the Court in this dispute, Philp's letter is short on direct responses to any of the arguments Defendants advanced in their opening papers. Indeed, nowhere does Philp even attempt to rebut the fact that:

- each of his legal claims is time-barred;

- the Section 1983 claims are legally deficient because the Complaint contains no allegations that Defendants were state actors or otherwise acted under color of state law;

- the negligent infliction of emotional distress claim falls outside of the two discrete categories of this legal theory recognized under New Jersey law;

Honorable Joel A. Pisano, U.S.D.J.
June 18, 2014
Page 2

- a pure breach of contract claim between a student and university is not recognized under New Jersey law under the circumstances presented here; and

- Philp has failed to allege critical elements of the purported breach of contract claim.

In short, Philp's submission is an opposition in name only. He advances no viable basis upon which Defendants' motion might be denied.

What also is striking about Philp's opposition is that it reveals the extent to which his legal claims are tied to alleged bad acts that took place even earlier than the affirmance of Philp's expulsion in April 2007. In the chronology attached to his (unsworn) letter, Philp references a litany of events alleged to have taken place between January 24, 2006 and March 1, 2007. Indeed, the clear majority of the incidents Philp complains about allegedly took place in 2006. This only serves to further demonstrate that Philp's claims are time-barred.

Philp maintains that his lawsuit should not be dismissed because he was never given a "real and concrete reason" why he was expelled from Ross and that Ross hid the ball with respect its reasons for expelling him. This is nonsense. Philp was told explicitly and repeatedly of the nature of the numerous complaints lodged against him. Philp was afforded a hearing by Ross's President with respect to the appeal of his expulsion. See Travisano Declaration, Ex. A. He was represented by counsel at that hearing. Id. He also was afforded a number of appearances before Ross's grievance committee prior to being expelled. Id. Despite his convenient protestations to the contrary, Philp knew exactly why he was expelled. This outrageous position begs the question: if the nature of the complaints against Philp were not

Honorable Joel A. Pisano, U.S.D.J.
June 18, 2014
Page 3

discussed with him at the numerous meetings, then what was? Moreover, Philp's conclusory assertion that he received inadequate assistance of counsel in 2011 does nothing to explain away the fact that he waited until 2014 to file his lawsuit.

For the reasons set forth herein, as well as in their opening papers, Defendants respectfully request that the Court dismiss Philp's Complaint with prejudice and grant any other and further relief that the Court deems just and proper.

Respectfully submitted,

William S. Gyves
Robert M. Travisano

RMT:kb

cc: Wayne A. Philp (via email and FedEx)

FIRM:25535019v1