NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| WAYNE A. PHILP, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 14-cv-556 (JAP) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ROSS UNIVERSITY SCHOOL OF MEDICINE (RUSM), DR. JORGE C. RIOS, DR. MARY T. COLEMAN, DR. HARRIET H. MEYERS, DR. RAYMOND ADEBIYI, and DR. THOMAS C. SHEPHERD, | : | |
| | : | |
| Defendants. | : | |

PISANO, District Judge

Presently before the Court are Defendants, Ross University School of Medicine ("Ross") and its current and former employees, Dr. Jorge C. Rios, Dr. Mary T. Coleman, Dr. Harriet H. Meyers, Dr. Raymond Adebiyi, and Dr. Thomas C. Shepherd (collectively, the "Defendants") motion to dismiss Plaintiff, Wayne A. Philp's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [docket #16]. Plaintiff opposes this motion [docket #19]. The Court considered the papers filed by the parties and rules on the written submissions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, this Court GRANTS Defendants' motion to dismiss [docket #16].

### I. BACKGROUND

Plaintiff's *pro se* Complaint, received by the Court on January 27, 2014 [docket #1] lists six (6) claims against the Defendants: (1) violation of Due Process; (2) Deprivation of Property;

1

(3) Deprivation of Liberty; (4) Negligent Infliction of Emotional Distress; (5) Cruel, Abusive, and Unusual Treatment; and (6) Breach of Contract.  The claims in Plaintiff's Complaint suffer from vagueness and ambiguity that make it difficult to discern their legal basis.  The following allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this Court's review only.

Plaintiff's claims arise out of his former enrollment as a medical student at Ross University School of Medicine ("RUSM").  Complaint ("Compl."), at p. 1.  Plaintiff began taking classes at RUSM in January, 2006.  Compl., at p. 3.  By April 2006, Executive Dean Dr. Jorge Rios met with Plaintiff to inform him that the school had received complaints from other students about Plaintiff and required Plaintiff to submit to a psychological evaluation.  Compl., at p. 3.  In July 2006, Plaintiff received a letter from Dean Rios informing him that he was being placed on disciplinary probation due to allegations of unprofessional behavior and harassment and that, should Plaintiff engage in any further altercations or be found guilty of any behavior considered unbecoming of a medical student, he would be dismissed from the University.  Compl., at p. 4.  Plaintiff alleges that he tried to rectify this situation by spending more time in his dorm and changing his seat in order to avoid potential altercations.  Compl., at p. 4.  However, according to Plaintiff, incidents of harassment against him continued – such as, a male student sitting in front of Plaintiff scratching his body, a female fixing her hair in front of him during class, and a female chewing gum next to him in the library.  Compl., at pp. 4-5.

Several months thereafter, in March 2007 while Plaintiff was still on probation, the new Dean, Dr. Mary Coleman, advised Plaintiff that he was being expelled because there were several complaints against him.  Compl., at p. 4.  According to Plaintiff, Dean Coleman refused to explain the reasons for his expulsion.  Further, Plaintiff alleges that when he was repeatedly brought before

the Grievance Committee, he was neither given a student representative nor adequate notice prior to the meeting, and was not informed of any specific allegations against him.  Compl., at p. 6.  Plaintiff alleges that these procedures were required by RUSM's student handbook and because he was not afforded these rights, he did not have the opportunity to adequately prepare a proper defense for himself.  Compl., at p. 6.

Having retained counsel, Plaintiff appealed his dismissal to Dr. Thomas Shepherd, who was the President of RUSM.  Compl., at p. 4.  On March 23, 2007, Dr. Shepherd conducted a telephonic hearing to determine whether the circumstances supported the Grievance Committee's decision to expel Plaintiff.  See Declaration of Robert M. Travisano, at Ex. A.  During the hearing, Dr. Shepherd considered arguments presented by Plaintiff and his counsel, and reviewed a variety of other materials, including statements and records from University personnel, as well as the records of earlier Grievance Committee proceedings relating to Plaintiff.  *Id*.  At the hearing, Plaintiff and his counsel argued that the Grievance Committee's conclusion was flawed because the committee did not include a student member and he was not provided with proper written notice.  By letter dated April 4, 2007, Dr. Shepherd denied Plaintiff's appeal.  *Id*. at 2.  Thereafter, it appears Plaintiff filed a nearly identical lawsuit to the instant case on April 2, 2013, in the Southern District of Florida and, after having such action dismissed, filed a complaint here.

## II.   DISCUSSION

### a.  Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  This pleading standard does not require

3

"detailed factual allegations," but it does require "more than labels and conclusions"; a "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007).  Therefore, in order to withstand a motion to dismiss pursuant to 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The plausibility standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The plausibility standard is not a "probability requirement," but "it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  To decide if a complaint meets this plausibility standard and therefore, survives a motion to dismiss, the Third Circuit has required a three step analysis:  (1) the Court must "outline the elements a plaintiff must plead to . . . state a claim for relief"; (2) the Court must identify "those allegations that are no more than conclusions and thus not entitled to the assumption of truth"; and (3) "where there are well-pleaded factual allegations, [the Court] should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).  This Court is mindful, however, that the sufficiency of a *pro se* pleading must be construed liberally in favor of Plaintiff.  See *Erickson v. Pardus*, 551 U.S. 89, 94-95 (2007).  Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000).

    **b.  Analysis**

Plaintiff's first, second, third, and fifth causes of action for, as Plaintiff asserts, a violation of Due Process, Deprivation of Property, Deprivation of Liberty, and Cruel, Abusive, and Unusual Treatment do not assert a specific law, amendment, or statute that Defendant allegedly violated. In any event, taking into account Plaintiff's *pro se* status, the Court will properly construe these claims under the ambit of 42 U.S.C. § 1983. Still, however, these causes of action must be dismissed as discussed below, because Plaintiff has failed to properly plead a claim that is plausible for relief under Section 1983.

Section 1983 claims are subject to New Jersey's statute of limitations applicable to personal injury causes of action. See *O'Connor v. City of Newark*, 440 F.3d 125, 126-27 (3d Cir. 2006). As such, Plaintiff's Section 1983 claims are subject to a two (2) year statute of limitations provided for by N.J.S.A. § 2A:14-2. Dr. Shepherd denied Plaintiff's appeal of his expulsion on April 4, 2007; therefore, Plaintiff's Section 1983 claims could not have accrued any later than 2007. Plaintiff brought this action in 2014, well beyond the two (2) year statute of limitations. Plaintiff explains in his opposition papers that this delay was caused by Plaintiff needing to reorient and regroup himself to continue with his life and deal with his anger after the events that occurred at RUSM. While the Court is sympathetic to Plaintiff's personal issues that allegedly occurred after his expulsion, this is not sufficient to permit Plaintiff to pursue a claim against Defendant that is more than five (5) years overdue. *Estate of Hainthaler v. Zurich Commercial Ins.*, 387 N.J. Super. 318, 327, 903 A.2d 1103, 1107-08 (App. Div. 2006) ("[T]he purpose of statutes of limitations is to protect defendants from unexpected enforcement of stale claims by plaintiffs who fail to use reasonable diligence in prosecuting their claims.").

Plaintiff's fourth cause of action for negligent infliction of emotional distress also fails for the same reason. This claim is also subject to a two (2) year statute of limitations. See *Campanello*

*v. Port Auth. of New York & New Jersey*, 590 F. Supp. 2d 694, 699 (D.N.J. 2008) (indicating that a negligent infliction of emotional distress claim is subject to a two year statute of limitations) (citing N.J.S.A. § 2A:14-2 ("Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within 2 years next after the cause of any such action shall have accrued."); *Lopez v. Swyer,* 62 N.J. 267, 300 A.2d 563, 565 (1973) (noting that negligence actions must be brought within two years of the accrual of the action)). Further, even after taking into account Plaintiff's *pro se* status and reading the complaint liberally, the Court finds that Plaintiff's pleadings lack a "short and plain statement" of the grounds for his negligence claim and fail to "state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678. Plaintiff's pleading contains a general allegation that Defendants "inflicted emotional and psychological cruelty and distress upon [him], and caused the same to be inflicted upon [him] by others." However, these allegations are simply not enough to establish plausibility that the Defendants were negligent and, even assuming Plaintiff brought this claim within the statute of limitations, this statement is simply not enough to sustain a negligent infliction of emotional distress claim under the *Iqbal* standard.

      Plaintiff's last cause of action for breach of contract must also fail. While breach of contract claims are subject to a longer statute of limitations period of six (6) yeas, see N.J.S.A. § 2A:14-1, Plaintiff's complaint was still filed beyond the applicable time period. Specifically, in support of his breach of contract claim, Plaintiff alleges that Defendants "did not provide [him] with the anticipated and desired safe, healthy, professional environment conducive to [his] proper development and learning as a medical student. Thus, [Defendants] breached their stated and implied agreement and duty to afford [Plaintiff] the expected atmosphere and environment of ethical conduct, of integrity, of high standards, of respect, and of professionalism conclusive [sic]

to [his] learning and proper development as a medical student." Compl., at p. 2.  These allegations focus on the deficiencies in Plaintiff's education while he attended RUSM from January 2006 through March 2007.  Plaintiff instituted this action in 2014; therefore, even assuming Defendant breached some contractual relationship with Plaintiff as a result of denying his appeal in April 2007, Plaintiff's claim still falls outside the six (6) year limitations period.  Accordingly, the Court finds that the deficiencies in Plaintiff's pleading warrant dismissal of his complaint, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6). See *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 236 (3d Cir.2008) (holding that dismissal with prejudice is appropriate where an amendment to the complaint would be inequitable or futile).

### III.     CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss [docket #16] is GRANTED and Plaintiff's Complaint is DISMISSED, with prejudice.  An appropriate Order accompanies this Opinion.


Date:  December 10, 2014                            /s/ Joel A. Pisano
                                                                        JOEL A. PISANO
                                                                        United States District Judge